UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BENJAMIN GESKE and JAMIE DUPAW, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>FEDERAL NATIONAL MORTGAGE ASS'N, )<br>a/k/a FNMA or FANNIE MAE; )<br>SETERUS, INC., f/k/a IBM LENDER )<br>BUSINESS PROCESS SERVICES, INC.; )<br>CITIMORTGAGE, INC. )<br>)<br>Defendants. ) | Case No. 1:13-cv-07720<br><br>Honorable Robert M. Dow, Jr. |

### DEFENDANT CITIMORTGAGE, INC.'S MOTION TO DISMISS

Defendant CitiMortgage, Inc. ("CMI") moves to dismiss the Complaint of plaintiffs Benjamin Geske and Jamie Dupaw pursuant to Federal Rule of Civil Procedure 12(b)(6) and states as follows:

### INTRODUCTION

Plaintiffs' allegations stem from a residential mortgage loan, alleged modification, default, and resulting foreclosure. CMI is alleged to have been the prior servicer of plaintiffs' loan. Although plaintiffs assert claims for breach of contract (Count I), violation of the Illinois Consumer Fraud Act (Count II), and violations of the Fair Debt Collection Practices Act (Count III), only Count II is directed against CMI.

The sole allegation underlying plaintiffs' ICFA claim against CMI is that CMI "[f]alsely report[ed] Mr. Geske's loan to the credit bureaus after it was discharged as if payments were still owing and not being made in a timely manner, when in fact payments were not owing, and were being made in a timely manner." (Compl. ¶ 44 (c)). But this is simply an alleged Fair Credit

2027931v.4

Reporting Act violation couched as an ICFA claim. As such, it is preempted by federal law and should be dismissed. Plaintiffs' ICFA claim is inadequately pleaded in any event. Plaintiffs do not allege any unfair or deceptive conduct nor do they plead their claim with the particularity required by Rule 9(b). Count II should be dismissed on this additional basis.

## RELEVANT ALLEGATIONS

Plaintiffs allege that they entered into a loan modification agreement with CMI in 2010, when it was the servicer of the their mortgage loan. They further claim that this modification was not honored by Seterus, the subsequent servicer. Plaintiffs contend that their loan was incorrectly listed as being in default and, shortly thereafter, they were subject to a wrongful foreclosure. (*See*, *e.g.*, Compl. ¶¶ 14, 17, 23-26). Plaintiffs now bring this action against three entities—FNMA in its capacity as the owner of the note, and Seterus and CMI in their capacities as servicer and prior servicer, respectively.

## ARGUMENT

**I.  PLAINTIFFS' ICFA CLAIM IS PREEMPTED BY FEDERAL LAW.**

The FCRA was enacted to govern the issues surrounding consumer credit reporting. *See* 15 U.S.C. § 1681(a)(1); *Todd v. Chase Bank*, No. 11 C 6258, 2012 WL 470099, at *2 (N.D. Ill. Feb. 13, 2012). Section 1681s-2 of the FCRA regulates the specific duties of companies that furnish consumer information to credit bureaus. *See* 15 U.S.C. § 1681s-2; *Chase*, 2012 WL 470099, at *2 ("Section 1681s-2 deals with the duties of companies…that furnish information to credit reporting agencies"). Subparagraph 1681s-2(a) explicitly addresses the responsibility of those "furnishers of information" to report accurate information to credit reporting agencies. *See* 15 U.S.C. § 1681s-2(a) ("Duty of furnishers of information to provide accurate information"); *Chase*, 2012 WL 470099, at *2 ("Subparagraph [1681s-2](a) imposes requirements on furnishers regarding the accuracy of information…").

The FCRA preempts any state law that attempts to regulate the duties of companies arising from the furnishing of information to credit reporting agencies. *See* 15 U.S.C. § 1681t(b)(1)(F) ("No requirement or prohibition may be imposed under the laws of any State— (1) with respect to any subject matter regulated under ... section 1681s–2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies…"); *Purcell v. Bank of America*, 659 F.3d 622, 625 (7th Cir. 2011) (holding that § 1681t(b)(1)(F) preempts any state law that comes within the scope of 1681s-2); *Todd v. Franklin Collection Service, Inc.*, 694 F.3d 849, 852 (7th Cir. 2012); *Chase*, 2012 WL 470099, at *2.

Plaintiffs contend that CMI violated ICFA by falsely reporting the loan to the credit reporting agencies after it was discharged. This claim falls squarely under Section 1681s-2. *See* 15 U.S.C. § 1681s-2(a). Consequently, plaintiffs' ICFA claim against CMI is preempted by the FCRA and should be dismissed.[1]

## II.   PLAINTIFFS' ICFA CLAIM IS INADEQUATELY PLEADED.

Even if plaintiffs' ICFA claim was not preempted by FCRA, Count II still fails as to CMI because it is insufficiently pleaded.

### A.   Plaintiffs Fail to Allege Any Unfair Conduct on the Part of CMI.

The elements of an ICFA claim are "(1) a deceptive act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deception; and (3) the occurrence of the deception during a course of conduct involving trade or commerce." *Cohen v. American Sec. Ins. Co.*, 735 F.3d 601, 608 (7th Cir. 2013). Furthermore, ICFA prohibits both "unfair" and "deceptive" conduct. 815 ILCS 505/2.

---

[1] Plaintiffs' ICFA claim is simply an attempt to create a private right of action where Congress chose not to. *See Franklin*, 694 F.3d at 852 (noting that plaintiff "does not attempt to bring a claim directly under the FCRA, nor could he, because the section of the Act [defendant] allegedly violated, 15 U.S.C. § 1681s–2, does not create a private right of action.").

Plaintiffs' claim against CMI does not allege a deceptive act, but rather contains only a general statement that CMI's alleged conduct constituted "unfair acts and practices." To constitute "unfairness," a defendant's conduct must: (1) violate public policy; (2) be so oppressive that the consumer has little choice but to submit; and (3) cause consumers substantial injury. *F.D.I.C. v. Hillgamyer*, No. 11 C 7502, 2013 WL 6234626, at * 4 (N.D. Ill. Dec. 2, 2013). Plaintiffs do not allege that CMI's conduct satisfies *any* of these elements, nor do they allege any facts which suggest that CMI's conduct violated public policy, was oppressive to the point of causing submission, or caused substantial injury. Accordingly, plaintiffs have failed to adequately state a claim for "unfair" conduct under ICFA.

### B. Plaintiffs Fail to Plead with the Requisite Particularity.

Claims for violations of ICFA are subject to the same heightened pleading standards as other fraud claims and must satisfy the particularity requirement of Rule 9(b). *Northern Ill. Ins. Agency, Inc. v. Leading Ins. Group Ins. Co.,* No. 13 C 50248, 2013 WL 6408716, at *5 (N.D. Ill. Dec. 9, 2013). Ordinarily, this requires describing the 'who, what, when, where, and how' of the fraud. *Id.*; *see Uni Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992) (Rule 9(b) requires the complainant to allege "the identity of the person making the representation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff."); *AGFA Corp. v. Wagner Printing Co.*, No. 02 C 2400, 2002 WL 1559663, at *3 (N.D. Ill. July 10, 2002) ("The circumstances of fraud include 'the identity of the person who made the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff'").

Here, plaintiffs do not allege the details surrounding the alleged fraud other than a general allegation that CMI made at least one false report to the credit bureaus. Plaintiffs do not allege any details surrounding the "report" including, but not limited to: (1) when and where it

4

was made; (2) what information it contained; or (3) when, where, and by what means it was disseminated. Additionally, plaintiffs do not allege how they were injured by CMI's alleged conduct. Rather than providing detailed factual allegations as required by the statute and the case law, plaintiffs simply allege in summary fashion that CMI "falsely report[ed] Mr. Geske's loan to the credit bureaus after it was discharged." That is not sufficient and plaintiffs' ICFA claim against CMI should be dismissed for this additional reason.

### C. Plaintiffs Fail to Allege Actual Damages Caused by CMI's Alleged Conduct.

To state a claim under ICFA, a plaintiff must also allege actual damages caused by the defendant's fraudulent conduct. *See Kim v. Carter's Inc.*, 598 F.3d 362, 365 (7th Cir. 2010) ("The actual damage element of a private ICFA action requires that the plaintiff suffer 'actual pecuniary loss.'"); *Morrison v. Protective Life Ins. Co.*, No. 10 C 7894, 2012 WL 4361295, at * 3 (N.D. Ill. Sept. 21, 2012) ("A claim for damages under ICFA requires proof of actual damages proximately caused by the defendant"); *McLaughlin v. LVNV Funding, LLC*, No. 13 C 1387, 2013 WL 4782173, at * 4 (N.D. Ill. Sept. 6, 2013) ("[F]ailure to allege specific, actual damages precludes a claim brought under the ICFA"); 815 ILCS 505/10a(a). Furthermore, the actual damages asserted as a result of an ICFA violation must be calculable. *McLaughlin*, 2013 WL 4782173, at * 4 ("Actual damages must be calculable and 'measured by the plaintiff's loss'").

Plaintiffs do not allege *any* actual damages that were caused by CMI's alleged inaccurate credit reporting. As a result, they also fail to allege any actual damages in a way that would suggest that those damages would be quantifiable or calculable. For this additional reason, plaintiffs' ICFA claim against CMI should be dismissed with prejudice.

5

2027931v.4

## CONCLUSION

For the reasons stated above, CitiMortgage, Inc. respectfully requests entry of an order dismissing Count II of Plaintiffs' Complaint against CitiMortgage, Inc. and granting such further relief as the Court deems just and proper.

Dated:  December 19, 2013           CITIMORTGAGE, INC.

                           By:   /s/Nicholas D. O'Conner
                           J. Matthew Goodin
                           *jmgoodin@lockelord.com*
                           Nicholas D. O'Conner
                           *noconner@lockelord.com*
                           LOCKE LORD LLP
                           111 South Wacker Drive
                           Chicago, IL 60606
                           Phone:  312-443-0494

2027931v.4

## **CERTIFICATE OF SERVICE**

I, Nicholas D. O'Conner, an attorney, certify that on December 19, 2013, the preceding document was filed with the Court and served upon counsel of record via the court's electronic filing system.

                                                              /s/ Nicholas D. O'Conner

2027931v.4