IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BENJAMIN GESKE and JAMIE DUPAW, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 13-cv-07720 |
| | ) | |
| FEDERAL NATIONAL MORTGAGE ASS'N, | ) | Honorable Judge Robert M. Dow, Jr. |
| a/k/a FNMA or FANNIE MAE; SETERUS, | ) | |
| INC., f/k/a IBM LENDER PROCESS | ) | |
| SERVICES, INC.; CITIMORTGAGE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**FANNIE MAE'S AND SETERUS'S
ANSWERS TO AMENDED COMPLAINT**

Defendants Federal National Mortgage Association a/k/a FNMA or Fannie Mae ("Fannie

Mae") and Seterus, Inc. ("Seterus") (collectively, the "Fannie Mae Defendants"), by their

counsel, answer and respond to Plaintiffs Benjamin Geske's and Jamie Dupaw's (collectively,

"Plaintiffs") Amended Complaint as follows:

**Answers to Introductory Allegations**

1.      Plaintiffs bring this action to secure redress from unlawful credit and collection
practices engaged in by defendants (a) Seterus, Inc., f/k/a IBM Lender Business Process
Services, Inc., (b) CitiMortgage, Inc., and (c) Federal National Mortgage Association. The
wrongful conduct includes filing a foreclosure action against plaintiffs when plaintiffs were not
in default.

**ANSWER:**      The Fannie Mae Defendants admit that Plaintiffs' Complaint seeks damages and

makes various allegations against all of the defendants, but deny that the Fannie Mae Defendants

engaged in any violation of law or other wrongdoing, deny any and alleged liability to Plaintiffs,

and deny that Plaintiffs are entitled to any relief.  The Fannie Mae Defendants lack knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations

contained in this Paragraph concerning Defendant CitiMortgage, Inc. ("CitiMortgage").

**Answers to Jurisdiction and Venue Allegations**

2.      This Court has jurisdiction under 15 U.S.C. §1692k (Fair Debt Collection Practices Act), and 28 U.S.C. §§1331, 1332, 1337 and 1367.

**ANSWER:**   The Fannie Mae Defendants admit only that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1367, but deny that the Court has subject matter jurisdiction under 15 U.S.C. § 1692k or 28 U.S.C. § 1337.

3.      The amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiffs and defendants are of diverse citizenship, as set forth below.

**ANSWER:**   The Fannie Mae Defendants admit only that the Plaintiffs' Complaint alleges an amount in controversy in excess of $75,000, but deny that the amount in controversy exceeds $75,000, deny that Fannie Mae Defendants engaged in any violation of law or other wrongdoing, deny any and alleged liability to Plaintiffs, and deny that Plaintiffs are entitled to any relief.  The Fannie Mae Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this Paragraph.

4.      Venue and personal jurisdiction in this District are proper because defendants Seterus and Federal National Mortgage Association filed the wrongful foreclosure in this District; and all defendants do or transact business within this District.

**ANSWER:**   The Fannie Mae Defendants admit only that Fannie Mae filed a complaint to foreclose mortgage entitled *Federal National Mortgage Association v. Benjamin Geske, et al.,* Case No. 11 CH 1005 (Circuit Court of McHenry County, Illinois) ("Foreclosure Action"), and that Seterus is now and was during the Foreclosure Action proceedings the servicer of the underlying mortgage loan in the Foreclosure Action, and that they transact business within this District, but the Fannie Mae Defendants otherwise deny the allegations contained in this Paragraph.

2

**Answers to Allegations Regarding Parties**

5.     Plaintiffs Benjamin Geske and Jamie Dupaw are husband and wife and reside in a home that they own in the Northern District of Illinois. They are citizens of Illinois.

**ANSWER:**   The Fannie Mae Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

6.     Defendant Federal National Mortgage Association is a federally chartered corporation with principal offices in Washington, D.C., and regional offices at 1 South Wacker Drive, Suite 1500, Chicago, IL 60606. It is engaged in the business of funding, purchasing and owning residential mortgages.

**ANSWER:**   Fannie Mae admits the allegations contained in this Paragraph.  Seterus lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

7.     Defendant Seterus, Inc., is a Delaware corporation with principal offices at 14523 SW Millikan Way, Suite 200, Beaverton, OR 97005. It does business in Illinois. Its registered agent and office is CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, IL 60604. It was formerly known as IBM Lender Business Process Services, Inc.

**ANSWER:**    Seterus admits the allegations contained in this Paragraph.  Fannie Mae lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

8.     Seterus is engaged in the business of servicing residential mortgage loans. It claims to be "one of the nation's leading specialty loan servicing companies". (https://www.seterus.com/) It services more than 1 million such mortgage loans.

**ANSWER:**   Seterus admits the allegations contained in this Paragraph.  Fannie Mae lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

9.     Many of the loans with respect to which Seterus acquires servicing are allegedly delinquent or in default at the time Seterus begins servicing. Plaintiffs' loan was one such loan.

**ANSWER:**   The Fannie Mae Defendants admit only that Seterus is the mortgage loan servicer

3

of a loan extended by CitiMortgage to Plaintiff Benjamin Geske in the principal amount of $254,479.00 ("Subject Loan") which is secured by a mortgage on the real estate commonly known as 142 Bloomfield Drive in Woodstock, Illinois ("Subject Property"). Fannie Mae lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this Paragraph. Seterus admits it has in the past acquired the servicing rights relating to certain specific loans that are delinquent at the time of acquisition, but otherwise denies the allegations contained in this Paragraph.

10. Defendant CitiMortgage, Inc., is a New York corporation with its principal place of business at 1000 Technology Drive, O'Fallon MO 63368. It does business in Illinois. Its registered agent and office is CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

**ANSWER:** The Fannie Mae Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

11. Defendant CitiMortgage, Inc., is engaged in the business of servicing residential mortgage loans. It is servicing over $1 million in such loans.

**ANSWER:** The Fannie Mae Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

**Answers to Purported Factual Allegations**

12. In 2010, plaintiffs had a residential mortgage loan that was owned by Fannie Mae and serviced by CitiMortgage, Inc. Plaintiff Benjamin Geske was the signatory on the March 28, 2008 note, although his personal liability had been discharged in bankruptcy in December, 2009. Both plaintiffs signed the mortgage. The note was a fixed-rate note and provided for monthly payments of $1,425.01. Exhibit A is a copy of the note and Exhibit B a copy of the mortgage.

**ANSWER:** The Fannie Mae Defendants admit that Fannie Mae was the owner of the Subject Loan in 2010, that CitiMortgage was the mortgage loan service provider prior to November 1, 2010 when the servicing of the Subject Loan was transferred to Seterus, that the note evidencing the Subject Loan was executed by Benjamin G. Geske, that both Plaintiffs executed the mortgage

securing the Subject Loan by the Subject Property, that Benjamin Geske received a discharge in bankruptcy in December of 2009, and that the note on its face provides for a monthly payment of $1,425.01. The Fannie Mae Defendants admit that what appear to be copies of the note evidencing the Subject Loan and the mortgage securing the Subject Loan to the Subject Property are attached to the Complaint as exhibits A and B, respectively. The Fannie Mae Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this Paragraph.

13. Plaintiffs suffered a loss of family income and, after an extremely prolonged application process, and a lengthy trial HAMP loan modification that was eventually denied, plaintiffs were eventually told they qualified for a private mortgage modification from CitiMortgage and Fannie Mae.

**ANSWER:** The Fannie Mae Defendants are unable to discern what is meant by "private mortgage modification," but attempting to respond, the Fannie Mae Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of whether Plaintiffs suffered a loss of family income and, after an extremely prolonged application process, and a lengthy trial HAMP loan modification that was eventually denied. The Fannie Mae Defendants admit only that Plaintiffs were told by CitiMortgage that they qualified for a private mortgage modification, but deny that Fannie Mae authorized or accepted any loan modification as to the Subject Loan.

14. Plaintiffs agreed to the private modification agreement, which required them to make a large down payment, in September 2010. Exhibit C is a cover letter advising plaintiffs of the terms and Exhibit D is plaintiffs' copy of the modification.

**ANSWER:** The Fannie Mae Defendants admit only that what appears to be a copy of correspondence from CitiMortgage is attached to the Complaint as Exhibit C, and that what appears to be unexecuted copy of a loan modification agreement from CitiMortgage is attached to the Complaint as Exhibit D ("Alleged Loan Modification"), but the Fannie Mae Defendants deny that the loan modification was authorized or accepted by Fannie Mae, and deny the

remaining allegations contained in this Paragraph.

15.     Under the modification agreement, plaintiffs were required to make a down payment of $4715.12, which included the October, 2010 payment, and their monthly payments were reduced to $1,283.10, with the next payment being due on November 1, 2010.

**ANSWER:**     The Fannie Mae Defendants admit the allegations contained in this Paragraph only to the extent that they are consistent with the Alleged Loan Modification, but deny that Fannie Mae authorized or accepted the Alleged Loan Modification, and otherwise deny the allegations contained in this Paragraph.

16.     Plaintiffs returned the signed modification documents and the required payments, including the large down payment, in a timely manner.  Plaintiffs made the large down payment in reliance on defendants' promise to grant them a loan modification.

**ANSWER:**     The Fannie Mae Defendants deny that Fannie Mae authorized or accepted the Alleged Loan Modification, but lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this Paragraph.

17.     As a result of the modification, plaintiffs were supposed to be brought current on the loan.

**ANSWER:**     The Fannie Mae Defendants deny that Fannie Mae authorized or accepted the Alleged Loan Modification, and deny the allegations contained in this Paragraph.

18.     Shortly after the modification was accepted, plaintiffs were advised that CitiMortgage, Inc., was transferring servicing to Seterus, Inc., then known as IBM Lender Business Process Services, Inc., effective November 1, 2010.

**ANSWER:**     The Fannie Mae Defendants admit only that Plaintiffs were advised of the service transfer effective November 1, 2010 from CitiMortgage to Seterus, but the Fannie Mae Defendants deny that Fannie Mae authorized or accepted the Alleged Loan Modification, and deny the remaining allegations contained in this Paragraph.

19.     On information and belief, CitiMortgage, Inc., failed to inform Seterus that the loan had been modified.

**ANSWER:** Seterus affirmatively states that CitiMortgage informed Seterus that the Alleged Loan Modification was not accepted by CitiMortgage, but otherwise denies the allegations contained in this Paragraph. Fannie Mae lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

20. On information and belief, CitiMortgage, Inc., informed Seterus that plaintiffs were behind on their mortgage when it transferred the loan to Seterus. On information and belief, this was because CitiMortgage, Inc. did not properly credit certain payments made by plaintiffs, including the large down payment sent in with the loan modification documents.

**ANSWER:** The Fannie Mae Defendants are unable to discern what is meant by "behind," but attempting to respond, Seterus affirmatively states that CitiMortgage informed Seterus that Plaintiffs were in default on the Subject Loan when servicing was transferred from CitiMortgage to Seterus on November 1, 2010. The Fannie Mae Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this Paragraph.

21. CitiMortgage denied receiving the down payment, but plaintiffs obtained proof that it was in fact cashed by CitiMortgage, which they repeatedly sent to CitiMortgage, who continued to refuse to remedy the situation.

**ANSWER:** The Fannie Mae Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

22. Exhibit E is the first statement plaintiffs received from Seterus. They received it shortly after its date of November 9, 2010. It asserts that plaintiffs are behind over $16,000.

**ANSWER:** The Fannie Mae Defendants are unable to discern what is meant by the phrase "plaintiffs are behind over $16,000," but attempting to respond, Seterus admits only that the Seterus sent correspondence to the Plaintiffs dated November 9, 2010, an incomplete excerpt from which appears to be attached as Exhibit E to the Complaint. The Fannie Mae Defendants deny that the correspondence attached as Exhibit E "asserts that plaintiffs are behind over

$16,000." Fannie Mae lacks knowledge or information sufficient to form a belief as to the truth

or falsity of the remaining allegations contained in this Paragraph. Seterus denies the remaining

allegations contained in this Paragraph.

23. During November 2010, plaintiffs repeatedly contacted Seterus to inquire if the modification had been received and to confirm the payment amount. Seterus repeatedly, stated that it did not have any modification agreement.

**ANSWER:** The Fannie Mae Defendants affirmatively state that the Alleged Loan

Modification was not authorized or accepted by Fannie Mae. Seterus otherwise admits the

remaining allegations contained in this Paragraph. Fannie Mae lacks knowledge or information

sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this

Paragraph.

24. Plaintiffs also repeatedly contacted CitiMortgage to demand that CitiMortgage transmit the loan modification documents to Seterus, and ensure that their payments were properly credited. CitiMortgage's employees refused to assist plaintiffs because the loan had been transferred to Seterus, and informed plaintiffs they should deal with Seterus. Plaintiffs attempted to get CitiMortgage and Seterus to participate in a joint call to attempt to resolve the situation, but CitiMortgage refused to participate.

**ANSWER:** The Fannie Mae Defendants deny that Fannie Mae authorized or accepted the

Alleged Loan Modification. Fannie Mae lacks knowledge or information sufficient to form a

belief as to the truth or falsity of the remaining allegations contained in this Paragraph. Seterus

admits only that Plaintiffs sought to get CitiMortgage and Seterus to participate in a joint call to

attempt to resolve the situation, and that CitiMortgage refused to participate, but Seterus lacks

knowledge or information sufficient to form a belief as to the truth or falsity of the remaining

allegations contained in this Paragraph.

25. Plaintiffs faxed the loan modification documents to Seterus, at Seterus' request, but Seterus still refused to honor the agreement, and claimed to be waiting for documents from CitiMortgage.

**ANSWER:** The Fannie Mae Defendants deny that Fannie Mae authorized or accepted the

Alleged Loan Modification. Seterus admits only that Plaintiffs faxed alleged loan modification documents to Seterus at its request, that CitiMortgage informed Seterus that it did not accept the Loan Modification, and accordingly that Seterus did not accept the Loan Modification, but Seterus otherwise denies the remaining allegations contained in this Paragraph. Fannie Mae lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

26. Seterus permitted plaintiffs to make payments at the $1,283.10 amount for November-December 2010 and January-April 2011.

**ANSWER:** The Fannie Mae Defendants are unable to discern what is meant by "permitted", but attempting to respond, the Fannie Mae Defendants admit only that Plaintiffs made payments in the amount of $1,283.10 toward the Subject Loan on November 5, 2010, December 1, 2010, January 5, 2011, February 4, 2011, March 3, 2011, and April 4, 2011, respectively. The Fannie Mae Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this Paragraph.

27. On information and belief, Seterus treated plaintiffs' loan as in default from the time it acquired it. Seterus imposed various default related fees to plaintiff's loan balance, including monthly fees for unnecessary property inspections.

**ANSWER:** Seterus admits only that CitiMortgage repeatedly told Seterus that Plaintiffs defaulted on the Subject Loan on or about May of 2010, that CitiMortgage repeatedly told Seterus that Plaintiffs had not cured the default prior to the transfer of servicing of the Subject Loan from CitiMortgage to Seterus, that CitiMortgage had not accepted the Alleged Loan Modification, that Seterus relied upon the information it confirmed and verified from CitiMortgage, and that various fees and expenses were incurred as a result of the default asserted by CitiMortgage, but Seterus otherwise denies the allegations contained in this Paragraph. Fannie Mae lacks knowledge or information sufficient to form a belief as to the truth or falsity of

the allegations contained in this Paragraph.

28.    On April 19, 2011, Seterus filed a mortgage foreclosure against plaintiffs in the name of Fannie Mae in Illinois state court.

**ANSWER:**    The Fannie Mae Defendants admit only that Fannie Mae filed the Foreclosure Action on April 19, 2011 through its counsel, with Seterus as servicer, but otherwise deny the allegations contained in this Paragraph.

29.    A copy of the foreclosure complaint is attached as Exhibit F.    It alleged (paragraph 3(l)) that plaintiffs were in default for the monthly payments from May 2010 onward.

**ANSWER:**    The Fannie Mae Defendants admit that what appears to be a copy of the Complaint to Foreclose Mortgage filed in the Foreclosure Action is attached to the Complaint as Exhibit F.  The Fannie Mae Defendants further admit the remaining allegations contained in this Paragraph only to the extent they are consistent with the Complaint to Foreclose Mortgage filed in the Foreclosure Action, but otherwise deny the allegations contained in this Paragraph.

30.    The statement was false.

**ANSWER:**    The Fannie Mae Defendants are unable to discern the "statement" to which these allegations refer, and therefore lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

31.    On information and belief, since CitiMortgage, Inc., serviced plaintiffs' account in May 2010, the false statement originated with CitiMortgage, Inc.

**ANSWER:**    The Fannie Mae Defendants are unable to discern what is meant by "the false statement," but attempting to respond, the Fannie Mae Defendants admit only that CitiMortgage was the mortgage loan servicer for the Subject Loan in May of 2010, but otherwise lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

32.    However, Seterus knew or should have known that the statement was false, since

it had accepted payments from plaintiffs from the time it acquired servicing of their loan through April 2011.

**ANSWER:** The Fannie Mae Defendants are unable to discern what is meant by "the statement," but attempting to respond, Seterus denies the allegations contained in this Paragraph. Fannie Mae lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

33. After filing the foreclosure, Seterus refused to accept any further payments from plaintiffs. Plaintiffs have therefore deposited the rejected payments in a special account, and are ready, able and willing to perform their obligations on the modified loan.

**ANSWER:** The Fannie Mae Defendants deny that Fannie Mae authorized or accepted the Alleged Loan Modification. Seterus denies the allegation that "Seterus refused to accept any further payments from plaintiffs." Fannie Mae lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in this Paragraph that "Seterus refused to accept any further payments from plaintiffs." The Fannie Mae Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this Paragraph.

34. On January 16, 2013, Seterus sent plaintiff Benjamin Geske the letter attached as Exhibit G. It quoted the amount due as $1,425.01 per month, i.e., treated the loan as never having been modified. In addition, the total reinstatement figures quoted were based on the excessive monthly payments.

**ANSWER:** The Fannie Mae Defendants deny that Fannie Mae authorized or accepted the Alleged Loan Modification. The Fannie Mae Defendants are unable to discern what is meant by "i.e., treated the loan as never having been modified," and "excessive monthly payments", but attempting to respond, Seterus admits only that it mailed to Plaintiffs correspondence dated January 16, 2013, a copy of which appears to be attached to the Complaint as Exhibit G, pursuant to a court supervised settlement process in the Foreclosure Action and not as any sort of

demand or as any sort of assertion of amounts actually due and owing from Plaintiffs. The Fannie Mae Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this Paragraph.

35. Seterus force placed insurance on plaintiffs' home with QBE First Insurance Agency, Inc., of Irvine, CA. (Exhibit H).

**ANSWER:** The Fannie Mae Defendants are unable to discern what is meant by "force placed", but attempting to respond, Seterus affirmatively states that Seterus obtained insurance through QBE First Insurance Agency, Inc., for the Subject Property, but otherwise denies the remaining allegations contained in this Paragraph. Fannie Mae lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

36. In fact, plaintiffs had their own coverage at all relevant times.

**ANSWER:** The Fannie Mae Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in this Paragraph.

37. The forced placement of insurance resulted from the purported default.

**ANSWER:** The Fannie Mae Defendants are unable to discern what is meant by "[t]he forced placement of insurance" or "resulted from the purported default," but attempting to respond, Seterus denies the allegations contained in this Paragraph. Fannie Mae lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

38. Plaintiffs defended the mortgage foreclosure and it was ultimately dismissed with prejudice on September 27, 2013. The state court awarded attorney's fees to plaintiffs. A copy of the order is attached as Exhibit I.

**ANSWER:** The Fannie Mae Defendants admit that the Foreclosure Action was dismissed with prejudice on September 27, 2013, admit that Seterus paid attorney's fees to Plaintiffs in connection with the Foreclosure Action, admit that what appears to be a copy of the order dated

September 27, 2013, in the Foreclosure Action is attached to the Complaint as Exhibit I, and admit the remaining allegations contained in this Paragraph only to the extent consistent with the language contained in the September 27, 2013 Order, but otherwise deny the allegations contained in this Paragraph.

39.     After the foreclosure was dismissed, plaintiffs' prior counsel contacted Seterus' attorney to request proof that the preforeclosure payments were properly credited, as the first step in coming to an agreement on what amount needed to be tendered to reinstate the loan. The attorney referred plaintiffs' counsel directly to Seterus, who failed to respond to any inquiries.

**ANSWER:**     The Fannie Mae Defendants are unable to discern who is referred to as "plaintiffs' prior counsel," "Seterus's attorney" and "the attorney" or discern what is meant by "properly credited" or "first step to coming to an agreement," and accordingly lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

40.     All of the conduct of CitiMortgage, Inc., and Seterus, Inc., set forth herein was engaged in as authorized agent of Federal National Mortgage Association, the owner of the loan.

**ANSWER:**     Fannie Mae denies the allegations contained in this Paragraph. Seterus denies the allegations contained in this Paragraph directed toward it, buts lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this Paragraph.

41.     The authority conferred by Federal National Mortgage Association on CitiMortgage, Inc., and Seterus, Inc., included:

   a.       Determining the amounts due under loans;

   b.       Declaring loans to be in default;

   c.       Instituting foreclosure proceedings.

   d.       Collecting and applying payments.

**ANSWER:**     Fannie Mae denies the allegations contained in this Paragraph. Seterus denies the

allegations contained in this Paragraph directed toward it, buts lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this Paragraph.

42.     The Plaintiffs have suffered substantial damage from defendants' conduct, including:

a.     Emotional distress and stress;

b.     Public humiliation and embarrassment;

c.     Expenditure of money and time to defend the foreclosure and rectify defendants' conduct;

d.     Additional interest, default charges, force placed insurance and attorneys fees have been wrongfully added to their loan balance; and

e.     The wrongful foreclosure filing is a public record which can be obtained by anybody who searches the public court records, further harming plaintiff's reputation.

**ANSWER:**     The Fannie Mae Defendants deny the allegations contained in this Paragraph.

**ANSWER TO COUNT I**
**Alleged Breach of Contract as to Fannie Mae and CitiMortgage**

43.     Plaintiffs incorporates paragraphs 1-42.

**ANSWER:**     The Fannie Mae Defendants restate and incorporate by reference their answers and responses to Paragraphs 1-42 as their answer and response to this Paragraph.

44.     This claim is against Federal National Mortgage Association and CitiMortgage.

**ANSWER:**     Fannie Mae admits only that Count I of the Plaintiffs' Complaint seeks damages and makes various allegations against Fannie Mae, but denies that Fannie Mae engaged in any violation of law or other wrongdoing, denies any and alleged liability to Plaintiffs, and denies that Plaintiffs are entitled to any relief.  The allegations contained in this Paragraph are not asserted against Seterus, and therefore no response is required by it. To the extent the allegations

may be construed as containing claims against it, Seterus denies those allegations.

45. Defendants breached the terms of the plaintiffs' mortgage and loan modification agreement, and the duty of good faith and fair dealing, by:

      a.     Failing to honor the modification;

      b.     Misapplying or failing to properly account for plaintiffs' payments, including the loan modification down payment;

      c.     Treating plaintiffs' loan as a loan in default, including fees for monthly property inspections.

      d.     Adding unnecessary fees to plaintiff's loan balance; including fees for monthly property inspections.

      e.     Wrongfully foreclosing on the loan.

**ANSWER:** Fannie Mae denies the allegations contained in this Paragraph as to it. The allegations contained in this Paragraph are not asserted against Seterus, and therefore no response is required by it. To the extent the allegations may be construed as containing claims against it, Seterus denies those allegations.

46. As the agent of FNMA, CitiMortgage was required to properly credit payments it received from plaintiffs, among other things. The terms of plaintiffs' mortgage and note require that payment be promptly credited. However, CitiMortgage failed to promptly and properly credit plaintiffs' mortgage with the initial down payment on their loan modification, even though plaintiffs repeatedly sent them proof that CitiMortgage had received and cashed the payment. On information and belief, CitiMortgage also failed to promptly and properly credit other payments made by plaintiffs.

**ANSWER:** Fannie Mae denies that CitiMortgage is or at any time was its agent. Fannie Mae admits the allegations contained in this Paragraph that "[t]he terms of plaintiffs' mortgage and note require that payment be promptly credited" only to the extent that they are consistent with the terms of the mortgage and note evidencing the Subject Loan. Fannie Mae lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this Paragraph. The allegations contained in this Paragraph are not asserted against

Seterus, and therefore no response is required by it. To the extent the allegations may be construed as containing claims against it, Seterus denies those allegations.

47. Plaintiffs were damaged as a result of defendants' conduct because it resulted in improper late charges and default charges being assessed on their loan, and additional interest accruing, among other things.

**ANSWER:** Fannie Mae denies that its purported conduct caused the Plaintiffs to suffer damages. Fannie Mae lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this Paragraph. The allegations contained in this Paragraph are not asserted against Seterus, and therefore no response is required by it. To the extent the allegations may be construed as containing claims against it, Seterus denies those allegations.

WHEREFORE, Fannie Mae denies any and all alleged liability in this matter, requests that judgment be entered in its favor and against Plaintiffs, with costs assessed, and requests that this Court grant such further and additional relief as it deems just and appropriate.

## ANSWER TO COUNT II
### Alleged Violation of ICFA by All Defendants

48. Plaintiffs incorporate paragraphs 1-42.

**ANSWER:** The Fannie Mae Defendants restate and incorporate by reference their answers and responses to Paragraphs 1-42 as their answer and response to this Paragraph.

49. This claim is against all defendants.

**ANSWER:** The Fannie Mae Defendants admit that Count II of the Plaintiffs' Complaint seeks damages and makes various allegations against all of the defendants, but deny that the Fannie Mae Defendants engaged in any violation of law or other wrongdoing, deny any and alleged liability to Plaintiffs, and deny that Plaintiffs are entitled to any relief. The Fannie Mae Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of

the allegations contained in this Paragraph directed against CitiMortgage.

50.     Defendants engaged in unfair acts and practices, in violation of §2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2, by:

        a.    Commencing a wrongful foreclosure action plaintiffs when they were not in default.

        b.    Adding unnecessary default charges, including property inspection fees, late fees, and attorney's fees to their loan balance in connection with the wrongful foreclosure, when plaintiffs were not in default.

        c.    In the case of CitiMortgage, failing to promptly and properly credit loan modification payments, failing to provide the loan modification documents to Seterus, failing to respond to plaintiffs' requests for assistance after the loan was transferred to Seterus, and falsely reporting Mr. Geske's loan to the credit bureaus after it was discharged as if payments were still owing and not being made in a timely manner, when in fact payments were not owing, and were being made in a timely manner.

        d.    In the case of CitiMortgage inducing plaintiffs to make a large payment on a discharged debt by promising to modify their mortgage, and then failing to promptly and properly credit the payment and/or properly implement the loan modification.

**ANSWER:**     The Fannie Mae Defendants deny the allegations contained in this Paragraph as to them.  The Fannie Mae Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph directed against CitiMortgage.

51.     Defendants engaged in such conduct in the course of trade and commerce, and with reckless disregard of the plaintiffs' rights.

**ANSWER:**     The Fannie Mae Defendants deny the allegations contained in this Paragraph as to them.  The Fannie Mae Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this Paragraph.

52.     The conduct in this case is not isolated, and is part of a pattern and practice of wrongful conduct by defendants.  Defendants are the subject of numerous suits alleging improper mortgage servicing conduct, and in particular unfair conduct in connection with loan modification.  In addition, CitiMortgage's parent organization was the subject of an enforcement action by the United States and attorneys general of 49 states for loan modification abuses.  On

information and belief, CitiMortgage obtained credit under the AG settlement for plaintiffs' loan modification, even though it failed to properly implement the modification.

**ANSWER:** The Fannie Mae Defendants deny the allegations contained in this Paragraph as to them. The Fannie Mae Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph directed against CitiMortgage.

53. Plaintiffs suffered damages as a result of defendants' conduct, including, but not limited to: additional interest on their loan as a result of payments not being properly applied, improper late charges and default charges being added to their loan balance, postage, copying and telephone expenses due to the necessity of repeatedly having to resubmit loan modification applications and contact defendants regarding their errors, and being required to hire and pay an attorney to defend an improper foreclosure.

**ANSWER:** The Fannie Mae Defendants deny that their purported conduct caused Plaintiffs to suffer damages. The Fannie Mae Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this Paragraph.

WHEREFORE, the Fannie Mae Defendants deny any and all alleged liability in this matter, requests that judgment be entered in its favor and against Plaintiffs, with costs and attorney's fees assessed, and requests that this Court grant such further and additional relief as it deems just and appropriate.

### ANSWER TO COUNT III
### Alleged Violation of FDCPA by Seterus

54. Plaintiffs incorporate paragraphs 1-42.

**ANSWER:** The Fannie Mae Defendants restate and incorporate by reference their answers and responses to Paragraphs 1-42 as their answer and response to this Paragraph.

55. This claim is against Seterus.

**ANSWER:** Seterus admits that Count III of the Plaintiffs' Complaint seeks damages and makes various allegations against Seterus, but Seterus denies that it engaged in any violation of law or other wrongdoing, denies any and alleged liability to Plaintiffs, and denies that Plaintiffs

are entitled to any relief. The allegations contained in this Paragraph are not asserted against Fannie Mae, and therefore no response is required by it. To the extent the allegations may be construed as containing claims against it, Fannie Mae denies those allegations.

56. Seterus is a debt collector with respect to loans it acquires servicing of when they are actually or allegedly in default.

**ANSWER:** The allegations contained in this Paragraph constitute legal conclusions rather than allegations of fact, and therefore no response is required. To the extent a response may be required, Seterus admits only that it is the current servicer of the Subject Loan, and that it has in the past acquired the servicing rights as to specific mortgage loans that were in default, but otherwise denies the allegations contained in this Paragraph. The allegations contained in this Paragraph are not asserted against Fannie Mae, and therefore no response is required by it. To the extent the allegations may be construed as containing claims against it, Fannie Mae denies those allegations.

57. Seterus uses the mails and telephone system to collect such loans.

**ANSWER:** Seterus is unable to discern what is meant by "such loans," but attempting to respond, Seterus admits only that Seterus communicates with borrowers using mailed correspondence and telephone calls as appropriate and authorized under applicable law, but otherwise denies the allegations contained in this Paragraph. The allegations contained in this Paragraph are not asserted against Fannie Mae, and therefore no response is required by it. To the extent the allegations may be construed as containing claims against it, Fannie Mae denies those allegations.

58. Seterus violated 15 U.S.C. §§1692e, 1692e(2), 1692e(8), 1692e(10), and 1692f by:

      a.      Misrepresenting the amount owed in <u>Exhibit G</u>; and

      b.      Improperly adding default charges, attorney's fees (including "estimated" fees) and forced place insurance to plaintiffs' loan balance.

**ANSWER:**    Seterus denies the allegations contained in this Paragraph. The allegations contained in this Paragraph are not asserted against Fannie Mae, and therefore no response is required by it. To the extent the allegations may be construed as containing claims against it, Fannie Mae denies those allegations.

     59.    Section 1692e provides:

§1692e.       False or misleading representations [Section 807 of P.L.]

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .

(2)     The false representation of–

(A)     the character, amount or legal status of any debt; or

(B)     any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt. . . .

(5)     The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .

(8)     Communicating or threatening to commu8nicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .

(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer . . . .

**ANSWER:**    Seterus admits the allegations contained in this paragraph only to the extent that they are consistent with the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), but denies that Seterus engaged in any violation of law or other wrong doing, and denies any and all alleged liability to Plaintiffs. The allegations contained in this Paragraph are not asserted against Fannie Mae, and therefore no response is required by it. To the extent the

allegations may be construed as containing claims against it, Fannie Mae denies those allegations.

60.     Section 1692f provides:

> 1692f.          Unfair practices [Section 808 of P.L.]
>
> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1)     The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .

**ANSWER:**     Seterus admits the allegations contained in this paragraph only to the extent that they are consistent with the FDCPA, but denies that Seterus engaged in any violation of law or other wrong doing, and denies and all alleged liability to Plaintiffs. The allegations contained in this Paragraph are not asserted against Fannie Mae, and therefore no response is required by it. To the extent the allegations may be construed as containing claims against it, Fannie Mae denies those allegations.

WHEREFORE, Seterus denies any and all alleged liability in this matter, requests that judgment be entered in its favor and against Plaintiffs, with costs and attorney's fees assessed, and requests that this Court grant such further and additional relief as it deems just and appropriate.

## AFFIRMATIVE DEFENSES

The Fannie Mae Defendants state the following for their Affirmative Defenses:

1.     On March 28, 2008, CitiMortgage, Inc. extended a mortgage loan to Benjamin C. Geske in the original principal amount of $254,479.00 ("Subject Loan") which loan is secured by a mortgage on the real estate commonly known as 142 Bloomfield Drive, Woodstock, Illinois

("Subject Property").

2.      CitiMortgage was the mortgage servicer of the Subject Loan until November 1, 2010, when servicing was transferred to Seterus.

3.      In connection with the transfer of servicing, CitiMortgage informed Seterus that the Plaintiffs defaulted on the Subject Loan in May of 2010 by failing to make payment as agreed.

4.      In connection with the transfer of servicing, CitiMortgage informed Seterus that the Subject Loan had not been modified.

5.      Subsequent to the transfer of servicing, CitiMortgage represented and confirmed to Seterus that CitiMortgage had not accepted the loan modification asserted by Plaintiffs, and that the loan modification asserted by Plaintiffs was not valid or enforceable.

**First Affirmative Defense**

6.      The Fannie Mae Defendants restate and incorporate by reference the facts stated in Paragraphs 1-5 of their Affirmative Defenses above.

7.      Plaintiffs fail to state a claim for which the relief requested can be granted and the Fannie Mae Defendants reserve and do not waive their arguments relating to the legal sufficiency of Plaintiffs' allegations.

WHEREFORE, the Fannie Mae Defendants request that judgment be entered in their favor and against Plaintiffs, with costs and attorney's fees assessed, and request that this Court provide such further and additional relief as it deems just and appropriate.

**Second Affirmative Defense**

8.      The Fannie Mae Defendants restate and incorporate by reference the facts stated in Paragraphs 1-5 of their Affirmative Defenses above.

9.     To the extent that Plaintiffs suffered any alleged damages, the existence of which are expressly denied, the alleged damages are barred and/or limited in whole or in part by the Plaintiffs' own failure to mitigate the alleged damages, and/or the alleged damages were caused in whole or in part by their own acts or omissions.

WHEREFORE, the Fannie Mae Defendants request that judgment be entered in their favor and against Plaintiffs, with costs and attorney's fees assessed, and request that this Court provide such further and additional relief as it deems just and appropriate.

### Third Affirmative Defense

10.     The Fannie Mae Defendants restate and incorporate by reference the facts stated in Paragraphs 1-5 of their Affirmative Defenses above.

11.     Fannie Mae filed the Foreclosure Action on April 19, 2009 by and through its counsel.

12.     In the Foreclosure Action, on January 27, 2012, Plaintiffs filed their Motion for Summary Judgment, asserting that the Subject Loan had been modified and was not in default.

13.     On July 12, 2012, the court in the Foreclosure Action granted Plaintiffs' Motion for Summary Judgment.

14.     In the Foreclosure Action, on September 3, 2013, Plaintiffs filed their Motion for Leave to File Counterclaims Against Federal National Mortgage Association.

15.     Plaintiffs' proposed counterclaims attempted to assert three causes of action against Fannie Mae:   Breach of Contract; Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act; and Defamation.

16.     The facts alleged in support of Plaintiffs' purported counterclaim mirror the allegations in their Complaint, including:

a.   The purported existence of the Loan Modification between Plaintiffs and CitiMortgage;

b.   Breach of the purported Loan Modification; and

c.   Violation of Illinois Consumer Fraud and Deceptive Business Practices Act.

17.     On September 27, 2013, the court in the Foreclosure Action denied the Plaintiffs Motion for Leave to File Counterclaim, and dismissed the Foreclosure Action with prejudice.

18.     Plaintiffs' allegations in this action are barred by res judicata, collateral estoppel, or otherwise.

WHEREFORE, the Fannie Mae Defendants request that judgment be entered in their favor and against Plaintiffs, with costs and attorney's fees assessed, and request that this Court provide such further and additional relief as it deems just and appropriate.

## Fourth Affirmative Defense

19.     Seterus restates and incorporate by reference the facts stated in Paragraphs 1-5 of its Affirmative Defenses above.

20.     Seterus denies that it violated 15 U.S.C. §§1692e, 1692e(2), 1692e(8), 1682e(10) and 1692f, denies that it violated any other provision of the FDCPA, and denies that it violated or is otherwise liable under the FDCPA.

21.     Nevertheless, any alleged violation of the FDCPA by Seterus would have been unintentional, resulting from a bona fide error made in good faith, and occurring despite Seterus's processes and procedures that were reasonably designed and actually implemented to avoid any such alleged error.

22.     At all times material to this action, Seterus had established and implemented, with due care, reasonable error-avoidance processes and procedures here included without limitation

24

verification and cross-checking of Seterus's own records with underlying documentation and related information, verification and cross-checking of the records provided to Seterus by the transferor servicer, and other processes and procedures that would have prevented the alleged violations under the circumstances alleged here.

23.     Seterus's investigation and analysis of the relevant documents and records indicated that there was no loan modification agreement reached on the Subject Loan between the Plaintiffs and CitiMortgage, and that Plaintiffs were in default on their loan obligations.

24.     Any error in Seterus's assessment of the facts would have been unintentional, resulting from a bona fide error made in good faith, and occurring despite Seterus's thorough investigation and analysis of the underlying documents and other records.

25.     Accordingly, even if an FDCPA violation had in fact somehow occurred as alleged, which Seterus denies, Seterus would not be liable under the FDCPA pursuant to 15 U.S.C. § 1692k(c).

WHEREFORE, Seterus requests that judgment be entered in its favor and against Plaintiffs, with costs and attorney's fees assessed, and request that this Court provide such further and additional relief as it deems just and appropriate.


The above Affirmative Defenses are based on the facts currently known to the Fannie Mae Defendants, and the Fannie Mae Defendants reserve the right to amend or add affirmative defenses based on facts that may later be discovered, pled, or offered.


## ATTORNEYS' FEES

Seterus is entitled to recover its attorneys' fees pursuant to U.S.C. § 1692k as Plaintiff's

allegations are without merit, and/or are asserted in bad faith for the purpose of harassment.

WHEREFORE, Seterus seeks judgment be entered in its favor and against Plaintiffs, as well as an award of its attorney's fees and costs and such further relief as this Court deems just and appropriate.

Dated:  February 18, 2014                                Respectfully submitted,

                                                         **FEDERAL NATIONAL MORTGAGE**
                                                         **ASSOCIATION AND SETERUS, INC.,**

Ralph T. Wutscher
Ernest P. Wagner                                         Defendants,
Charles J. Ochab
MCGINNIS WUTSCHER BEIRAMEE LLP
105 W. Madison Street, 18th Floor
Chicago, Illinois  60602
Tel.  (312) 416-6170                      By:    /s/ Charles J. Ochab
Fax  (312) 284-4751                              One of Their Attorneys

**Certificate of Service**

I, Ernest P. Wagner, an attorney, hereby certify that on **February 18, 2014**, service of a true and correct copy of this document and any referenced exhibits was accomplished pursuant to ECF on all parties who are Filing Users.

                                          /s/ Charles J. Ochab
                                          Charles J. Ochab

26