**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BENJAMIN GESKE and JAMIE DUPAW, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FEDERAL NATIONAL MORTGAGE ASS'N, | ) | No. 1:13-cv-07720 |
| a/k/a FNMA or FANNIE MAE; | ) | Judge Robert M. Dow, Jr. |
| SETERUS, INC., f/k/a IBM LENDER | ) | |
| BUSINESS PROCESS SERVICES, INC.; | ) | |
| CITIMORTGAGE, INC.; | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' CORRECTED MEMORANDUM IN OPPOSITION TO
CITIMORTAGE, INC.'S MOTION TO DISMISS[1]**

Plaintiffs, Benjamin Geske and Jamie Dupaw, respond as follows to CitiMortgage, Inc.'s

motion to dismiss.

**STATEMENT OF FACTS**

In 2010, plaintiffs had a residential mortgage loan that was owned by Fannie Mae

and serviced by CitiMortgage, Inc. (Amd.Cmpt. ¶12) Plaintiff Benjamin Geske was the

signatory on the March 28, 2008 note. He filed a Chapter 7 bankruptcy in December, 2009, in

which the mortgage was reaffirmed. *Id.* Both plaintiffs signed the mortgage. *Id.* Plaintiffs

suffered a loss of family income and, after an extremely prolonged application process, and a

lengthy trial HAMP loan modification that was eventually denied, plaintiffs were eventually told

---

[1] Plaintiffs are filing this corrected memorandum to correct a factual error in their
original memorandum regarding the status of the mortgage after Mr. Geske's Chapter 7. The
mortgage was not in fact discharged.

they qualified for a private mortgage modification from CitiMortgage and Fannie Mae. (Amd.Cmpt. ¶13) Plaintiffs went through this process because they wanted to continue to reside in their home.

In the hopes of saving their home, plaintiffs agreed to the  private modification agreement, which required them to make a large downpayment, in September 2010.  (Amd.Cmpt. ¶14)  Exhibit C to the Amended Complaint is a cover letter advising plaintiffs of the terms and Exhibit D to the Amended Complaint is plaintiffs' copy of the modification.

Under the terms of the modification agreement, plaintiffs were required to make a down payment of $4,715.12, which included the October, 2010 payment, and their monthly payments were reduced to $1,283.10, with the next payment being due on November 1, 2010. (Amd.Cmpt. ¶15)  Plaintiffs returned the signed modification documents and sent CitiMortgage the required payments, including the large downpayment, in a timely manner.  Plaintiffs made the large downpayment in reliance on defendants' promise to grant them a loan modification. (Amd.Cmpt. ¶16)

As a result of the modification, plaintiffs were supposed to be brought current on the loan. (Amd.Cmpt. ¶17)  Shortly after the modification was accepted, plaintiffs were advised that CitiMortgage, Inc., was transferring servicing to Seterus, Inc., then known as IBM Lender Business Process Services, Inc., effective November 1, 2010. (Amd.Cmpt. ¶18)  On information and belief, CitiMortgage, Inc., failed to inform Seterus that the loan had been modified, and instead informed Seterus that plaintiffs were behind on their mortgage.  On information and belief, this was because CitiMortgage, Inc. did not properly credit certain payments made by plaintiffs, including the large downpayment sent in with the loan modification documents.

-2-

(Amd.Cmpt. ¶20) CitiMortgage denied receiving the downpayment, but plaintiffs obtained proof that it was in fact cashed by CitiMortgage, which they repeatedly sent to CitiMortgage, who continued to refuse to remedy the situation. (Amd.Cmpt. ¶21)

The first statement received by plaintiffs in November, 2010 asserted that plaintiffs were behind by over $16,000. (Amd.Cmpt. ¶22) During November 2010, plaintiffs repeatedly contacted Seterus to inquire if the modification had been received and to confirm the payment amount. Seterus repeatedly stated that it did not have any modification agreement. (Amd.Cmpt. ¶23) Plaintiffs also repeatedly contacted CitiMortgage to demand that CitiMortgage transmit the loan modification documents to Seterus, and ensure that their payments were properly credited. CitiMortgage's employees refused to assist plaintiffs because the loan had been transferred to Seterus, and informed plaintiffs they should deal with Seterus. Plaintiffs attempted to get CitiMortgage and Seterus to participate in a joint call to attempt to resolve the situation, but CitiMortgage refused to participate. (Amd.Cmpt. ¶24)

Plaintiffs faxed the loan modification documents to Seterus, at Seterus's request, but Seterus still refused to honor the agreement, and claimed to be waiting for documents from CitiMortgage. (Amd.Cmpt. ¶25) Seterus permitted plaintiffs to make payments at the $1,283.10 amount for November-December 2010 and January-April 2011. (Amd.Cmpt. ¶26)

On April 19, 2011, Seterus filed a mortgage foreclosure against plaintiffs in the name of Fannie Mae in Illinois state court falsely alleging that plaintiffs were in default for the monthly payments from May 2010 onward. (Amd.Cmpt. ¶28) On information and belief, since CitiMortgage, Inc., serviced plaintiffs' account in May 2010, the false statement originated with CitiMortgage, Inc. (Amd.Cmpt. ¶31) After filing the foreclosure, Seterus refused to accept any

further payments from plaintiffs. Plaintiffs have therefore deposited the rejected payments in a special account, and are ready, able and willing to make the modified loan payments. (Amd. Cmpt. ¶33) Plaintiffs defended the mortgage foreclosure and it was ultimately dismissed with prejudice on September 27, 2013. (Amd.Cmpt. ¶38) The state court awarded attorney's fees to plaintiffs. (Amd.Cmpt., Ex. I).

All of the conduct of CitiMortgage, Inc., and Seterus, Inc., set forth herein was engaged in as authorized agents of Federal National Mortgage Association, the owner of the loan. (Amd.Cmpt. ¶40) The authority conferred by Federal National Mortgage Association on CitiMortgage, Inc., and Seterus, Inc., included: determining the amounts due under loans; declaring loans to be in default and collecting and applying payments. (Amd.Cmpt. ¶41)

The conduct in this case is not isolated, and is part of a pattern and practice of wrongful conduct by CitiMortgage. CitiMortgage is the subject of numerous suits alleging improper mortgage servicing conduct, and in particular unfair conduct in connection with loan modifications. In addition, CitiMortgage's parent organization was the subject of an enforcement action by the United States and attorneys general of 49 states for loan modification abuses. On information and belief, CitiMortgage obtained credit under the AG settlement for plaintiffs' loan modification, even though it failed to actually implement the modification. (Amd.Cmpt. ¶53)

The plaintiffs have suffered substantial damage from defendants' conduct, including: emotional distress and stress; public humiliation and embarrassment; expenditure of money and time to defend the foreclosure and rectify defendants' conduct and additional interest, default charges, and attorneys fees which were added to their loan balance, and the wrongful foreclosure

filing is a public record which can be obtained by anybody who searches the public court records, thus harming plaintiffs' reputation. (Amd.Cmpt. ¶42)

Plaintiffs filed suit against CitiMortgage, Seterus and Fannie Mae, alleging that CitiMortgage breached the loan modification and mortgage contracts and violated the Illinois Consumer Fraud Act when it induced them to make a large downpayment by promising them a loan modification that was never actually implemented. CitiMortgage has moved to dismiss the Consumer Fraud Act count. For the reasons stated below, CitiMortgage's motion to dismiss should be denied.

## I.    <u>STANDARD OF REVIEW</u>

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a "short and plain statement of the claim showing that the plaintiff is entitled to relief." This "short and plain statement" must be enough " 'to give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-557 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. The Supreme Court did "not require heightened fact pleading of specifics," but did demand that the complaint to contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. *See also George v. Smith*, 507 F.3d 605, 608 (7th Cir.2007).

"Even after *Twombly*, courts must still approach motions under Rule 12(b)(6) by 'constru[ing] the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in her favor.' " *Hecker v. Deere & Co.*,

556 F.3d 575, 580 (7th Cir. 2008). "We review a district court's dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) de novo, accepting all factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor." *Fait v. Regions Financial Corp.*, 655 F.3d 105, 109 (2d Cir. 2011).

Moreover, a plaintiff "is not required to prove [his] case in [his] complaint, even in the post-*Twombly* and *Iqbal* environment: the Federal Rules still follow a notice-pleading regime, and they do not 'impose a probability requirement on the plaintiffs.'" *Motorola. Inc. v. Lemko Corp.*, No. 08 C 5427, 2010 WL 960348, at *3 (N.D. Ill. Mar. 15, 2010), *quoting Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Rather, a plaintiff need only provide sufficient plausible facts to put the defendant on notice of his claims. *Brooks*, 578 F.3d at 581. "A plaintiff need not prove her case in the complaint," but merely show facts "beyond simple conjecture that the plaintiff is entitled to relief." *Wilson v. AT&T Inc.*, 1:09cv58, 2010 WL 987737 at *1 (S.D. Ind. Mar. 12, 2010). "[T]he changes that *Twombly* and its progeny have brought to the standard of review for Rule 12 motions have not changed the liberal notice pleading standard of the federal rules." *Wilson*, 2010 WL 987737 at *5.

## II.   CITIMORTGAGE'S MOTION TO DISMISS COUNT II SHOULD BE DENIED.

CitiMortgage contends that Count II, which alleges a violation of the Illinois Consumer Fraud Act, should be dismissed because it is duplicative of the breach of contract count and it is not adequately pled. CitiMortgage is wrong on both arguments.

CitiMortgage contends that this case concerns an isolated breach of contract, and hence does not constitute a violation of the Illinois Consumer Fraud Act. To the contrary, plaintiffs have alleged that CitiMortgage induced them to make a large payment on their loan by promising

them a loan modification that was never implemented, and that this was part of a pattern and practice of misconduct by CitiMortgage. As alleged in the complaint, CitiMortgage was sued by the United States and the Attorneys General of 49 states for a similar pattern of wrongful conduct with respect to loan modifications. (Amd.Cmpt. ¶52) There are also several private suits, including class action cases, alleging a pattern of abusive conduct by CitiMortgage with respect to loan modifications. *See e.g.*, *King v. CitiMortgage, Inc.,* No. cv-10-3792 (C.D.Cal., filed May 19, 2010); *DeRosa v. CitiMortgage, Inc.,* No. 2:11–cv-02914-ER (E.D.Penn., filed May 2, 2011); *Gastineau v. CitiMortgage, Inc.,* No. 3-11-cv-02773-AET-TJB (D.N.J. May 13, 2011).

The Seventh Circuit upheld a Consumer Fraud Act claim involving similar allegations. *Wigood v. Wells Fargo Bank, NA*, 673 F.3d 547, 574-6 (7th Cir. 2012). In *Wigood*, the plaintiff alleged that Wells Fargo violated the Illinois Consumer Fraud Act when it gave her a temporary loan modification pursuant to the HAMP program, and then failed to give her the promised permanent loan modification. The Seventh Circuit found this stated a claim for violation of the Illinois Consumer Fraud Act. Other courts have also upheld similar claims, under either the Illinois Consumer Fraud Act or similar state law statutes. *In re Bank of America Home Affordable Modification (HAMP) Contract Lit.*, 2011 WL 2637222, **5-6 (D.Mass. July 6, 2011); Vangsness v. Deutsche Bank Nat. Trust Co.*, 2013 WL 3031017 (N.D.Ill. June 17, 2013); *Whitmer v. CitiMortgage,* 2012 WL 6677785, *4 (N.D.Ill. Dec. 21, 2014); *Fletcher v. OneWest Bank, FSB*, 2012 WL 5199632, *5 (N.D.Ill. Oct. 22, 2012).

With respect to CitiMortgage's claim that this was merely a rehashed breach of contract claim, allegations of a pattern of conduct which implicates consumer protection concerns can state a claim for violation of the Consumer Fraud Act. *Dubay v. Public Storage, Inc.,* 395

Ill.App.3d 342, 355, 918 N.E.2d 265, 278 (1ˢᵗ Dist. 2009) ("we find that this was not a simple

breach of contract case since [defendant's] actions sufficiently implicated consumer protection

concerns"); *Demitro v. General Motors Corp.,* 388 Ill.App.3d 15, 21, 902 N.E.2d 1163, 1169 (1ˢᵗ

Dist. 2009); *Rumford v. Countrywide Funding Corp.*, 287 Ill.App.3d 330, 222 Ill.Dec. 757, 678

N.E.2d 369, 373 (1997) (involving an ICFA claim based on a "pattern of misrepresenting to

customers" that they would not be assessed additional charges when their mortgages were

released); *Petri v. Gatlin*, 997 F.Supp. 956, 96768 (N.D.Ill.1997) (ICFA claim based on the

dissemination of "promotional brochures containing misrepresentations of material facts").  The

fact that CitiMortgage's parent organization has been sued in an enforcement action over similar

conduct with respect to loan modifications makes it clear that CitiMortgage has engaged in a

pattern of conduct which implicates consumer protection concerns. (Amd.Cmpt. ¶52)

     In order to state a claim under the Consumer Fraud Act, a consumer must allege: "(1) a

deceptive or unfair act or practice by the defendant; (2) the defendant's intent that the plaintiff

rely on the deceptive or unfair practice; and (3) the unfair or deceptive practice occurred during a

course of conduct involving trade or commerce." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 934 (7th

Cir.2010), citing *Robinson v. Toyota Motor Credit Corp.*, 201 Ill.2d 403, 266 Ill.Dec. 879, 775

N.E.2d 951, 960 (2002). To properly allege that a practice is unfair, a plaintiff must plead that the

practice (1) offends public policy; (2) is immoral, unethical, oppressive, or unscrupulous; and (3)

causes substantial injury to consumers. *Robinson*, 201 Ill.2d at 41718, 266 Ill.Dec. 879, 775

N.E.2d at 961. A plaintiff need not plead and prove all three criteria to support a finding of

unfairness. " 'A practice may be unfair because of the degree to which it meets one of the criteria

or because to a lesser extent it meets all three.' " *Robinson*, 201 Ill.2d at 418, 266 Ill.Dec. 879, 775 N.E.2d at 961.

In this case, plaintiffs have alleged that CitiMortgage engaged in unfair acts and practices when it induced "plaintiffs to make a large payment by promising to modify their mortgage, and then failing to promptly and properly credit the payment and/or properly implement the loan modification," and by "failing to promptly and properly credit loan modification payments, failing to provide the loan modification documents to Seterus, failing to respond to plaintiffs' requests for assistance after the loan was transferred to Seterus." (Amd. Cmpt. ¶50) Plaintiff alleged numerous facts in the incorporated paragraphs to support those allegations, and attached a copy of the promised loan modification.

Plaintiff further alleged that the conduct happened in the course of trade or commerce, (Amd.Cmpt. ¶51) and that they suffered damages as a result, including additional interest, and the eventual filing of a foreclosure against them. (Amd.Cmpt. ¶53)[2] Finally, plaintiffs alleged that this was part of a pattern and practice of wrongful conduct by CitiMortgage with respect to loan modifications. (Amd.Cmpt. ¶52). These allegations are sufficient to state a claim for an unfair practice in violation of the Illinois Consumer Fraud Act.

Although not specifically alleged in the complaint, plaintiffs also maintain that CitiMortgage's conduct in inducing them to make a large downpayment for a loan modification that was never actually implemented was deceptive. In stating a claim for a deceptive practice,

---

[2] With respect to any references in the CFA claim to damages stemming from credit reporting, plaintiffs agree those claims are preempted. However, because they have alleged many other types of damage, having nothing to do with credit reporting, the CFA claim should not be dismissed, only any references to credit reporting.

the requisite "intent" required under the CFA is only the intent that the plaintiff in the primary

action rely on the information that the defendant gave him or her, as opposed to an actual intent

to deceive. *Cuculich v. Thomson Consumer Electronics, Inc.,* 317 Ill. App. 3d 709, 739 N.E.2d

934, 939, 251 Ill. Dec. 1 (1st Dist.. 2000) . Significantly, the Act does not require actual reliance

upon the part of the plaintiff. *Siegel v. Levy Organization Development Co., Inc.*, 153 Ill. 2d 534,

607 N.E.2d 194, 198, 180 Ill. Dec. 300 (Ill. 1992).  Therefore, even innocent or negligent

misrepresentations are actionable. See, *e.g.*, *Sohaey v. Van Cura*, 240 Ill. App. 3d 266, 291, 180

Ill. Dec. 359, 607 N.E.2d 253 (1992), *aff'd & remanded*, 158 Ill. 2d 375, 634 N.E.2d 707, 199 Ill.

Dec. 654 (1994); *Smith v. Prime Cable*, 276 Ill. App. 3d 843, 856, 213 Ill. Dec. 304, 658 N.E.2d

1325 (1995); *Griffin v. Universal Casualty Co.*, 274 Ill. App. 3d 1056, 1065, 211 Ill. Dec. 232,

654 N.E.2d 694 (1995); *Warren v. LeMay*, 142 Ill. App. 3d 550, 566, 96 Ill. Dec. 418, 491

N.E.2d 464 (1986). Under the Act, the good or bad faith of the defendant is irrelevant. *Harkala v.

Wildwood Realty, Inc.,* 200 Ill. App. 3d 447, 453, 146 Ill. Dec. 232, 558 N.E.2d 195 (1990).

Under the CFA, an omission or misrepresentation is material if the consumer would have

acted differently had the consumer been aware of the fact, or if it concerns the type of

information upon which a customer would be expected to rely in making a decision to act.

*Perona v. Volkswagen*, 292 Ill.App.3d 59, 67 (1st Dist 1997) ("An omission or misrepresentation

of material fact in the conduct of trade or commerce constitutes consumer fraud.  A material fact

exists where a buyer would have acted differently knowing the information, or if it concerned the

type of information on which a buyer would be expected to rely..."); *Celex v. Executive Gallery*,

877 F.Supp. 1114 (N.D. Ill. 1995) (same); *Mackinac v. Arcadian Life Ins. Co.*, 271 Ill.App.3d

138 (1st Dist. 1995) (same).  In this case, plaintiffs would not have sent CitiMortgage a large

payment if they had not believed that CitiMortgage was going to implement the promised loan modification which would allow them to remain in their home. Plaintiffs can therefore also state a claim under the CFA for a deceptive practice.

In short, none of CitiMortgage's arguments merit the dismissal of Count II, which sufficiently alleges a cause of action for unfair and deceptive practices in violation of the Illinois Consumer Fraud Act.

## CONCLUSION

For the reasons stated above, CitiMortgage's motion to dismiss the amended complaint should be denied.

Respectfully submitted,

s/ Tara L. Goodwin
Tara L. Goodwin

Daniel A. Edelman
Tara L. Goodwin
EDELMAN, COMBS LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

-11-

<u>**CERTIFICATE OF SERVICE**</u>

       I, Tara L. Goodwin, hereby certify that on March 31, 2014, I caused a true and accurate copy of the foregoing document to be filed via the Court's CM/ECF system, which will send notification of such filing to the following parties:


Coleman Jon Bruan
cbraun@mwbllp.com

Charles J. Ochab
cochab@mwbllp.com

Ernest P. Wagner
ewagner@mwbllp.com

Ralph T. Wutscher
rwutscher@mwbllp.com

James Matthew Goodin
jmgoodin@lockelord.com

Nicholas D. O'Conner
noconner@lockelord.com




                           <u>s/ Tara L. Goodwin</u>
                           Tara L. Goodwin