UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BENJAMIN GESKE and JAMIE DUPAW, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 1:13-cv-07720 |
| ) | |
| FEDERAL NATIONAL MORTGAGE ASS'N, ) | Hon. Robert M. Dow, Jr. |
| a/k/a FNMA or FANNIE MAE; ) | |
| SETERUS, INC., f/k/a IBM LENDER ) | |
| BUSINESS PROCESS SERVICES, INC.; ) | |
| CITIMORTGAGE, INC. ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT CITIMORTGAGE, INC.'S MOTION
### TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

Defendant CitiMortgage, Inc. ("CMI") moves to dismiss Count II of the Amended Complaint of Plaintiffs Benjamin Geske and Jamie Dupaw pursuant to Federal Rule of Civil Procedure 12(b)(6) and states as follows:

### INTRODUCTION

Plaintiffs' allegations stem from a residential mortgage loan, alleged modification, default, and resulting foreclosure. CMI is alleged to have been the prior servicer of Plaintiffs' loan. In their Amended Complaint, Plaintiffs assert claims for breach of contract (Count I), violation of the Illinois Consumer Fraud Act ("ICFA") (Count II), and violations of the Fair Debt Collection Practices Act (Count III). Only Counts I and II are directed against CMI.

Count I alleges that CMI failed to properly credit payments in accordance with the terms of the note and mortgage, and failed to acknowledge and honor the terms of an alleged loan modification agreement. (Am. Compl. ¶¶ 45, 46). Count II alleges that CMI: (1) failed to promptly and properly credit loan modification payments and/or implement the loan

modification; (2) failed to provide loan modification documents to Seterus; (3) failed to respond to Plaintiffs' requests for assistance after the loan was transferred to Seterus; and (4) falsely reported the loan to the credit bureaus after it was discharged and payments were being made in a timely manner. (Am. Compl. ¶ 50).

The central allegations of Plaintiffs' ICFA claim are virtually identical to those underlying their breach of contract claim. Count II is simply a breach of contract claim repackaged as an ICFA claim. Consequently, to the extent that Count II is duplicative of Count I, it is improper and should be dismissed.

Furthermore, to the extent that Count II relies on allegations that CMI reported inaccurate information to the credit bureaus, it is simply an alleged Fair Credit Reporting Act ("FCRA") violation couched as an ICFA claim and is therefore preempted.

Finally, Plaintiffs' ICFA claim is inadequately pleaded in any event. Plaintiffs do not allege any unfair or deceptive conduct by CMI. Count II fails on this additional basis.

## RELEVANT ALLEGATIONS

Plaintiffs allege that they entered into a loan modification agreement with CMI in 2010, when it was the servicer of the their mortgage loan. They further claim that this modification was not honored by Seterus, the subsequent servicer. Plaintiffs contend that their loan was incorrectly listed as being in default and, shortly thereafter, they were subject to a wrongful foreclosure. (*See, e.g.*, Am. Compl. ¶¶ 14, 17, 21-25). Plaintiffs bring this action against three entities—FNMA in its capacity as the owner of the note, and Seterus and CMI in their capacities as servicer and prior servicer, respectively.

## ARGUMENT

**I. PLAINTIFFS' ICFA CLAIM IS DUPLICATIVE OF ITS BREACH OF CONTRACT CLAIM.**

Courts have consistently held that an ICFA claim fails when it is nothing more than a rehashed claim for breach of contact. *See Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 233 (1995) ("a breach of contract, without more, 'does not amount to a cause of action cognizable under [ICFA]'") quoting *Goembiewski v. Hallberg Ins. Agency, Inc.*, 262 Ill.App.3d 1082, 635 N.E.2d 452, 460 (1st Dist. 1994)); *Greenberger v. GEICO General Ins. Co.*, 631 F.3d 392, 399 (7th Cir. 2011) (an ICFA claim fails where "the consumer-fraud and contract claims rest on the same factual foundation; [and] no distinct deceptive acts are alleged"); *Kesten v. Ocwen Loan Servicing, LLC*, No. 11 C 6981, 2013 WL 426933, at * 7 (N.D. Ill. Feb. 9, 2012) (dismissing ICFA claim as a "redundancy" of the asserted breach of contract claim); *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill.2d 100, 835 N.E.2d 801, 844 (Ill. 2005) ("[a] breach of contractual promise, without more, is not actionable under the Consumer Fraud Act").

Plaintiffs' breach of contract claim is predicated on allegations that CMI failed to properly credit their loan payments and failed to honor an alleged loan modification. (*See* Am. Compl. ¶¶ 45, 46). The ICFA claim is based on the same core premise—that CMI failed to honor the terms of the alleged modification. (*See* Am. Compl. ¶ 50). Because Plaintiffs' ICFA claim is based entirely on an alleged contract breach without any allegations of distinct deceptive acts, the claim is insufficient and should be dismissed.

**II. PLAINTIFFS' CREDIT REPORTING ALLEGATIONS ARE PREEMPTED BY FEDERAL LAW.**

To the extent Plaintiffs' ICFA claim is not duplicative of their contract claim and is instead predicated on allegations of inaccurate credit reporting, the claim is preempted by federal law. The FCRA was enacted to govern the issues surrounding consumer credit reporting. *See* 15 U.S.C. § 1681(a)(1); *Todd v. Chase Bank*, No. 11 C 6258, 2012 WL 470099, at *2 (N.D. Ill. Feb.

13, 2012). Section 1681s-2 of the FCRA regulates the specific duties of companies that furnish consumer information to credit bureaus. *See* 15 U.S.C. § 1681s-2; *Chase*, 2012 WL 470099, at *2 ("Section 1681s-2 deals with the duties of companies...that furnish information to credit reporting agencies"). Subparagraph 1681s-2(a) explicitly addresses the responsibility of those "furnishers of information" to report accurate information to credit reporting agencies. *See* 15 U.S.C. § 1681s-2(a) ("Duty of furnishers of information to provide accurate information"); *Chase*, 2012 WL 470099, at *2 ("Subparagraph [1681s-2](a) imposes requirements on furnishers regarding the accuracy of information...").

The FCRA preempts any state law that attempts to regulate the duties of companies arising from the furnishing of information to credit reporting agencies. *See* 15 U.S.C. § 1681t(b)(1)(F) ("No requirement or prohibition may be imposed under the laws of any State— (1) with respect to any subject matter regulated under ... section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies..."); *Purcell v. Bank of America*, 659 F.3d 622, 625 (7th Cir. 2011) (holding that § 1681t(b)(1)(F) preempts any state law that comes within the scope of 1681s-2); *Todd v. Franklin Collection Service, Inc.*, 694 F.3d 849, 852 (7th Cir. 2012); *Chase*, 2012 WL 470099, at *2.

Plaintiffs contend that CMI violated ICFA by falsely reporting to the credit bureaus that the loan was in default "when in fact payments were not owing, and were being made in a timely fashion." (Am. Compl. ¶ 50(d)). This claim falls squarely under Section 1681s-2. *See* 15 U.S.C. § 1681s-2(a). Consequently, to the extent Plaintiffs' ICFA claim relies on allegations of inaccurate credit reporting, it is preempted by the FCRA and should be dismissed.[1]

---

[1] The credit reporting allegations in Plaintiffs' ICFA claim are likely an attempt to create a private right of action where Congress chose not to. *See Franklin*, 694 F.3d at 852 (noting that Plaintiff "does not attempt to bring a claim directly under the FCRA, nor could he, because the

### III. PLAINTIFFS' ICFA CLAIM IS INADEQUATELY PLEADED.

Lastly, Plaintiffs' ICFA claim fails because they do not allege any unfair or deceptive conduct on the part of CMI. The elements of an ICFA claim are "(1) a deceptive act or practice by the Defendant; (2) the Defendant's intent that the Plaintiff rely on the deception; and (3) the occurrence of the deception during a course of conduct involving trade or commerce." *Cohen v. American Sec. Ins. Co.*, 735 F.3d 601, 608 (7th Cir. 2013). ICFA prohibits both "unfair" and "deceptive" conduct. 815 ILCS 505/2.

Plaintiffs' claim against CMI does not allege a deceptive act, but rather contains only a general statement that CMI's alleged conduct constituted "unfair acts and practices." To constitute "unfairness," a defendant's conduct must: (1) violate public policy; (2) be so oppressive that the consumer has little choice but to submit; and (3) cause consumers substantial injury. *F.D.I.C. v. Hillgamyer*, No. 11 C 7502, 2013 WL 6234626, at * 4 (N.D. Ill. Dec. 2, 2013). Plaintiffs do not allege any facts suggesting that CMI's alleged conduct violated public policy or was oppressive to the point of causing submission. Consequently, even if Plaintiffs' ICFA claim was not (a) duplicative of their breach of contract claim and (b) preempted by federal law, it would still be subject to dismissal.

### CONCLUSION

For the reasons stated above, CitiMortgage, Inc. respectfully requests entry of an order dismissing Count II of Plaintiffs' Amended Complaint against CitiMortgage, Inc. and granting such further relief as the Court deems just and proper.

---

section of the Act [Defendant] allegedly violated, 15 U.S.C. § 1681s-2, does not create a private right of action.").

Dated:  July 10, 2014                          **CITIMORTGAGE, INC.**

By:  */s/Nicholas D. O'Conner*
J. Matthew Goodin
*jmgoodin@lockelord.com*
Nicholas D. O'Conner
*noconner@lockelord.com*
**LOCKE LORD LLP**
111 South Wacker Drive
Chicago, IL 60606
Phone:  312-443-0494

**CERTIFICATE OF SERVICE**

 I, Nicholas D. O'Conner, an attorney, certify that on July 10, 2014, the preceding document was filed with the Court and served upon counsel of record via the Court's electronic filing system.

              /s/ Nicholas D. O'Conner